FILED
SUPERIOR COURT
OF GUAM

2022 JUL 11 PM 3: 51

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| RSA-TUMON, LLC, | **Civil Case No. CV0453-20** |
| Plaintiff, | |
| v. | **DECISION AND ORDER DENYING DEFENDANT'S MOTION OF RECUSAL & DISQUALIFICATION** |
| PITT COUNTY MEMORIAL HOSPITAL, INC. & SHERIF ANTOUN PHILIPS, M.D. | |
| Defendants. | |

## INTRODUCTION

This Court sits as the court designated to review and determine the Motion of Recusal & Disqualification of Judge Elzye M. Iriarte ("Motion") filed by Defendant Sherif Antoun Phillips, M.D. ("Defendant"). Having found no grounds to disqualify Judge Iriarte, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On March 28, 2022, Defendant Sherif Antoun Phillips, M.D. ("Defendant") filed his Motion of Recusal & Disqualification. Defendant claims he will not receive a fair trial under Judge Iriarte, as she has a demonstrated history of making errant rulings favoring the plaintiff. See Motion at 3 (Mar. 28, 2022). Defendant further contends these rulings were made despite Judge Iriarte's court having no jurisdiction over Defendant. Id. at 1-3.

On April 1, 2022, Judge Iriarte filed her Answer to Motion of Recusal & Disqualification ("Answer"). Judge Iriarte argued that Defendant failed to meet the burden of proof required for a disqualification, and that none of her decisions in this case demonstrate bias for or against a particular party. See Answer at ¶ 9 (Apr. 1, 2022).

On April 4, 2022, Defendant filed his Reply to Answer ("Reply"). Defendant reiterated his belief that Judge Iriarte's court had no jurisdiction over him, claiming the case instead belongs in federal court. See Reply at 2-3 (Apr. 4, 2022)

## DISCUSSION

**I.  Defendant Provides No Reason Why Judge Iriarte's Impartiality May Reasonably Be Questioned.**

A judge is disqualified from presiding over a matter in which her impartiality may reasonably be questioned or where she possesses a personal bias or prejudice concerning a party. See 7 G.C.A. § 6105(a)-(b)(1). In interpreting the substantive grounds for disqualification, "what matters is the appearance of bias, not actual bias." See *People v. Camaddu*, 2015 Guam 2 ¶ 74 (internal quotation marks omitted) (*citing Van Dox v. Superior Court*, 2008 Guam 7 ¶ 32). Thus, a judge who is in fact unbiased, must still disqualify themselves if the public can reasonably question the fairness of the legal proceedings. See *Dizon v. Superior Court of Guam*, 1998 Guam 3 ¶ 15 ("[t]he standard is whether a reasonable person could doubt [the judge's] ability to be impartial").

If a party believes a judge is disqualified based on earlier rulings, the party must demonstrate the judge's behavior "was so extreme as to display clear inability to render a fair judgment." See *People of Guam v. Tennessen*, 2010 Guam 12 ¶ 34 (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1214-15 (9th Cir. 2005)). "On the other hand, 'expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women ... sometimes display' do not establish bias." Id. (citing *Liteky v. U.S.*, 510 U.S. 540, 555-556 (1990)).

Here, the Defendant generally alleges that Judge Iriarte has demonstrated bias by issuing "bad orders" favoring the plaintiff. See Motion at 3 (Mar. 28, 2022). Defendant further contends that Judge Iriarte acted "as a lawyer" rather than as a neutral arbitrator when issuing such orders. Id. at 3.

However, Defendant does not point to any particular language in Judge Iriarte's rulings that demonstrate a bias. An issue being decided adversely against a party does not

alone prove the existence of bias. Absent any particular language that might convey some bias, the Court accepts Judge Iriartes' explanation that deep-seated favoritism for or antagonism against the Defendant have not influenced her decisions.

II. **Defendant Can Appeal Any Jurisdictional Determinations Judge Iriarte Has Made To The Guam Supreme Court.**

Additionally, Defendant tries to prove the existence of bias by challenging the court's personal jurisdiction over himself. See Motion at 1-3 (Mar. 28, 2022).

Personal jurisdiction can be obtained in a number of ways. While state of domicile is one way to establish personal jurisdiction, personal service in the forum state (also known as transient jurisdiction or tag jurisdiction) also establishes personal jurisdiction. See *Burnham v. Superior Court of California*, 495 U.S. 604, 606 (1990). Here, Defendant was served personally in Guam, so the Superior Court of Guam and Judge Iriarte's courtroom did originally have jurisdiction over this case. See Declaration of Personal Service (Jul. 8, 2020). Whether Judge Iriarte was right to continue asserting jurisdiction over Defendant's case following his Motion to Transfer to Guam District Court is a factual issue that the Guam Supreme Court can consider on appeal. Superior Court of Guam Judges are not appellate judges authorized to rule on jurisdictional determinations made by their peers. The fact that Defendant disagrees with whether personal jurisdiction exists does not itself prove the existence of bias.

### CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. This Court returns this matter to Judge Iriarte for further disposition.

**IT IS SO ORDERED** this July ⅞ 11, 202⅔

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
Arrigo, Berman,
S. Phillips
Date: 7/11/22 Time: 4:00pm
AM
Deputy Clerk, Superior Court of Guam

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**